UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TOMMY EDWARD JACKSON,

     Plaintiff,

 v.

CHIPPEWA VALLEY CORRECTIONAL
TREATMENT FACILITY, P. DEROUIN,
and TIM NELSON,

     Defendants.

Case No. 19-cv-1466-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

---

  Tommy Edward Jackson, who is confined at the Chippewa Valley Correctional Treatment Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under state law. Dkt. No. 1 at 4. This order resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.  Motion for Leave to Proceed without Prepaying Filing Fee (Dkt. No. 2)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to let a prisoner plaintiff proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On October 15, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $3.19. Dkt. No. 5. The court received a partial initial partial filing fee of $2.39 on October 28, 2019. The court also received a letter from the plaintiff, saying that he lacked money to pay the full amount. Dkt. No. 9. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II. Screening the Complaint**

A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds those complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued the Chippewa Valley Correctional Treatment Facility, a Wisconsin Department of Corrections institution in Chippewa Falls, Wisconsin, where he is confined. He also has named as defendants P. DeRouin, a citizen of Wisconsin who works at Chippewa Valley, and someone named Tim Nelson (he does not explain who Tim Nelson is). Dkt. No. 1 at 1.

The plaintiff alleges that defendant DeRouin removed him from his program group in violation of the rules of the Wisconsin Department of Corrections Handbook. Dkt. No. 1 at 4. He states that DeRouin made a decision based on her personal beliefs and that the letter the plaintiff wrote to his facilitator did not violate department rules. Id. at 2. The plaintiff states that, according to DeRouin, the plaintiff was suspended from programming and given a second chance to continue group in another group setting. Id. The plaintiff believes that "they" had no right to change him to another group. He

3

states that he didn't violate a rule, nor did he get a ticket or a conduct report. Id.

The plaintiff alleged that he had started in the Earned Release Program on May 13, 2019, and that he had an anticipated completion date of September 27, 2019. Id. at 3. He says that on March 27, 2019—apparently a month and a half before he started the ERP—he "got staff" from Dodge Correctional Institution; he says this wasn't his decision. Id. He arrived at Chippewa Valley on April 4, 2019, and says that he intended to do the ERP. Id. He alleges, however, that after starting the program, he had to give a urine test for no reason, had to see psychological services for no reason and has been on a roller coaster of stress and depression. Id. He said this all led to him giving up and not wanting to do the program, and says he had the right to withdraw from the program if he wanted to. Id. He says that he's now being punished for withdrawing, and that if he'd just stayed in the program, it would be finished now. Id. The plaintiff alleges that DeRouin had no reason to remove him to another group and not let him finish the one he was in. Id. at 4. He states that his facilitator was not in any danger or threat. Id.

For relief, the plaintiff requests that DeRouin be held accountable for her actions. Id. He also requests to be "push[ed] through those 9 weeks that [he] didn't do in [his] original program group[.]" Id.

C. Analysis

The plaintiff alleges that he was not allowed to finish his programming in violation of Department of Correction regulations. A violation of state laws or regulations is not a basis for a *federal* civil rights lawsuit. See Williams v. Mierzejewski, 401 F. App'x 142, 144 (7th Cir. 2010) (citing Guajardo-Palma v.

4

Martinson, 622 F.3d 801, 806 (7th Cir. 2010); Domka v. Portage Cty., Wis., 523 F.3d 776, 784 (7th Cir. 2008)).

This federal court does not have subject-matter jurisdiction over the plaintiff's claim. Federal courts have limited jurisdiction—they may decide violations of federal laws or the federal Constitution, see 28 U.S.C. §§1331 (federal question), or may decide cases based on state law if the lawsuit is between citizens of different states and the amount at issue is more than $75,000, see 28 U.S.C. §1332 (diversity of citizenship jurisdiction). The plaintiff has not alleged that the defendants violated federal law or the federal Constitution. Because the plaintiff is a citizen of Wisconsin and at least one defendant is a citizen of Wisconsin, there is no "diversity" of citizenship. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 67-68 (1996).

The court also notes that the plaintiff named Tim Nelson as a defendant, but did not make any allegations against Nelson or explain Nelson's role in what happened.

Because the plaintiff has not alleged a federal claim and because this court cannot decide his state-law claims because there is no diversity of citizenship, the court must dismiss the plaintiff's federal lawsuit. (The court does not express an opinion on whether the plaintiff could prevail on his claims in state court.)

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The court will enter judgment accordingly.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $347.61 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of November, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**